**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BERNARDINE SMALLCOMB,** | : | **No. 3:08cv175** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **GEISINGER SYSTEM SERVICES,** | : | |
| | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is the motion for summary judgment filed by the defendant in this case that asserts violations of the Family and Medical Leave Act. The motion has been fully briefed and is ripe for disposition.

**Background**

The general background facts are largely uncontested. Defendant Geisinger System Services or one of its affiliates (hereinafter "defendant") employed Plaintiff Bernardine Smallcomb (hereinafter "plaintiff") for over twenty (20) years.[1] In early 2006, plaintiff's adult daughter, Danielle Smallcomb, was scheduled to have surgery after which she would be bedridden for three weeks. The Family and Medical Leave Act (hereinafter "FMLA") entitles an employee to a total of twelve workweeks of leave during any twelve-month period to, *inter alia*, care for a son or daughter who has a serious health condition. 29 U.S.C. § 2612(a)(1)(C). Plaintiff requested several weeks of leave under the FMLA to care for her daughter after the surgery. The defendant denied the leave, and told the plaintiff

---

[1]We will address the facts in more detail, with citations to the record, where appropriate below.

that she was ineligible for such leave.

After defendant denied plaintiff's request for FMLA leave, it suggested that plaintiff apply to her supervisor, Kim Raczkowski, for personal leave (plaintiff was entitled to twelve weeks of paid vacation as of March 2006.)  Accordingly, plaintiff requested leave from April 10 through April 28, 2006, to care for her daughter.  Defendant denied plaintiff's request for leave on two of the days she requested, Friday, April 14, 2006 and April 17, 2006.[2]  Plaintiff then resigned her position.  She asserts that the denial of leave that she needed to care for her daughter amounted to a constructive discharge.  Based upon these facts, the plaintiff filed the instant three-count complaint that asserts the following causes of action: Count I, violation of the FMLA, 29 U.S.C. § 2601 *et seq.*; Count II, interference and retaliation under the FMLA; and Count III constructive discharge under the FMLA.  Plaintiff seeks the following relief: reinstatement to her former employment or employment that is substantially equivalent; an injunction enjoining the defendants from discriminating on the basis of taking medical leave, claiming rights under the FMLA or bringing this action; liquidated damages; reasonable attorney's fees and costs; and such other relief as is just and equitable.

**Jurisdiction**

As this case is brought pursuant to the FMLA, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Standard of review**

---

[2]The April 14th  was Good Friday and April 17th was Easter Monday.

Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

**Discussion**

Defendant's motion for summary judgment raises several different issues that we will address in turn.

**I. Eligibility for FMLA leave**

Defendant first argues that plaintiff was not eligible for FMLA leave and cannot establish a claim for interference with FMLA rights. In support of this contention, defendant makes the following three arguments: 1) plaintiff never indicated that her request for leave was FMLA qualifying; 2) plaintiff's daughter was not incapable of self-care because of a mental or physical disability; and 3) plaintiff's daughter did not suffer from a serious health condition. We will address each separately.

**A. Did plaintiff properly request FMLA leave?**

Plaintiff's complaint raises issues involving the FMLA, which provides that "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period . . . [i]n order to care for . . . a son [or] daughter . . . if such son [or] daughter . . . has serious health condition." 29 U.S.C. § 2612(a)(1)(C). In situations where an employee seeks FMLA leave to care for a son or daughter, the employee must "provide the employer with not less than 30 days' notice, before the date the leave is to begin, of the employee's intention to take leave[.]" 29 U.S.C. § 2612(e)(2)(B).

A regulation in effect at the time that plaintiff requested her leave provided: "[a]n employee giving notice of the need for unpaid FMLA leave must explain the reasons for the needed leave so as to allow the employer to determine that the leave qualifies under the Act. If the employee fails to explain the reasons, leave may be denied. ..." 29 C.F.R. § 825.208.

The defendant argues that plaintiff failed to provide such notice. She merely stated that her daughter was having surgery and needed to be in bed for three weeks. She failed to identify the daughter's medical condition or describe the problem that necessitated the surgery. After a careful review, we disagree with the defendant and find that this issue raises a question of material fact for the jury to consider.

When viewed in the light most favorable to the plaintiff, the record reveals: the plaintiff specifically requested FMLA leave from Maureen Malloy, a Geisinger Human Resources Generalist. (Doc. 37-2, Def. Ex. A, Pl. Dep. (hereinafter "Pl. Dep.") at 28). She indicated that she needed the leave because her daughter was having gynecological surgery and would be bedridden for three weeks. (Id. at 29). At the time she requested FMLA leave, plaintiff could not remember the name of the surgery but offered to find out the name for Malloy if needed. (Id.) She indicated that the surgery would involve suturing around the vagina and that someone would need to care for her daughter. (Id.) Plaintiff indicated to Malloy that she could provide a letter from her daughter's doctor if that was necessary. (Id. at 29).

The defendant, however, did not seek such additional information. Malloy did not even ask if plaintiff's daughter was physically or mentally disabled and never got an opinion from the company's legal department on the issue. (Doc. 37-3, Def. Ex. B, Malloy Dep at 51, 54). Instead, Malloy assumed that plaintiff's daughter did not suffer from a qualifying disability because she knew that plaintiff "was very proud of her family." (Id. at 51).

If the jury agrees with the plaintiff's version of the facts, it could very well conclude that plaintiff did in fact provide notice for the need of FMLA

leave and the reasons for the leave.   She requested leave under the FMLA, which implies that her daughter suffered from a physical or mental disability.  She offered to provide more information to the defendant. Defendant merely denied the leave.  Accordingly, defendant's motion based upon plaintiff's alleged failure to establish a need for FMLA leave will be denied.

## B.  Was plaintiff's daughter incapable of self-care?

Next, defendant argues that FMLA leave was inappropriate in the instant case.  Plaintiff sought the leave to care for her a daughter, Danielle Smallcomb, after surgery.  As set forth above, leave can be appropriate to care for a daughter.  The FMLA defines "son or daughter" as a child who is "(A) under 18 years of age; or (B) 18 years of age or older and incapable of self-care because of a mental or physical disability."  29 U.S.C. § 2611(12). In the instant case, plaintiff's daughter was older than eighteen (18) years of age.  Therefore, for plaintiff's leave to fall under the FMLA, her daughter must have been incapable of self-care because of a mental or physical disability.

Defendant argues that plaintiff's daughter was capable of self-care. Defendant's argument, however, focus on the daughter's condition prior to the surgery, for example, defendants point out that she continued to be employed, never required assistance with grooming, dressing, cooking or maintaining a residence.  The defendant fail to recognize that the condition plaintiff's daughter was in prior to the surgery is irrelevant as to whether she was temporarily disabled after the surgery and needed time to recuperate before returning to the normal activities of life.  The defendant cites to no authority for the proposition that her condition prior to the

surgery is relevant.

Plaintiff has presented evidence that post-surgery, in the relevant time frame, Danielle Smallcomb could not provide for her own basics needs including grooming, hygiene, bathing, dressing, eating, cooking cleaning and shopping. In the weeks following the surgery, this care was provided to her, while she was confined in bed, by her mother, her husband and her sister. (Doc. 37-5, Def. Ex. D, Danielle Smallcomb Dep. at 57-63; Pl. Dep. at 70-71). Accordingly, we reject the defendant's position on this issue and will deny summary judgment on this point.

**C. Did plaintiff's daughter suffer from a "serious health condition"?**

Defendant next argues that Danielle Smallcomb did not suffer from a serious health condition. The record reveals otherwise.

Under the FMLA, a "serious health condition" is defined as "an illness, injury, impairment, or physical or mental condition that involves . . . continuing treatment by a health care provider." 29 U.S.C. § 2611(11). A regulation in effect at the relevant time defined the term "continuing treatment" as "[t]reatment by a health care provider on at least one occasion which results in a regiment of continuing treatment under the supervision of the health care provider." 29 C.F.R. § 825.114(a)(2)(i)(B) (since revised, 29 C.F.R. § 825.114 eff. Jan. 16, 2009). In the instant case, Danielle Smallcomb did receive continuing treatment by a health care provider. She received treatment from her doctor on the date of the surgery and at least two follow-up visits. (Doc. 38-7, Medical Reports of Dr. Andrew T. Goldstein). Accordingly, the court rejects defendants' argument on this issue.

## II. Constructive Discharge

As noted above, plaintiff claims that the defendant constructively discharged her. The defendant argues that no reasonable jury could find that plaintiff was constructively discharged. We disagree.

To determine whether a plaintiff can establish a claim of constructive termination, the court must conclude whether the evidence reveals that the defendant "permitted conditions so unpleasant or difficult that a reasonable person would have felt compelled to resign." Duffy v. Paper Magic Grp., Inc., 265 F.3d 163, 167 (3d Cir. 2001) (internal quotation marks and citations omitted). This is an objective test. Id.

Plaintiff has presented evidence that her employer would not allow her to take time off to care for her daughter who was undergoing surgery. A jury may find that evidence sufficient to support a constructive discharge claim. In fact, an Unemployment Compensation Referee concluded that these facts amount to necessitous and compelling reasons for plaintiff to leave her employment. (Doc. 38-2, Referee Decision/Order). It is a jury question whether plaintiff was constructively discharged. Accordingly, the defendants' motion for summary judgment on constructive discharge will be denied.

## III. Retaliation

Count II of plaintiff's complaint asserts causes of action for "interference and retaliation" with respect to the FMLA. (Doc. 1, Complaint at ¶¶ 42 - 46). Defendant asserts that the plaintiff has not presented sufficient evidence to support these claims. We disagree.

The law provides "that firing an employee for a valid request for FMLA leave may constitute interference with the employee's FMLA rights

8

as well as retaliation against the employee." Erdman v. Nationwide Ins. Co., 582 F.3d 500, 509 (3d Cir. 2009).[3]

Defendant makes three arguments with respect to Count II of the complaint.  First, they argue that plaintiff was not eligible for FMLA leave. As set forth above, however, we have found that whether the plaintiff was eligible for FMLA leave is a jury question.  Next, the defendant argues that plaintiff suffered no adverse employment action.  As we discussed in section II, *supra*, whether plaintiff was constructively discharged is a jury question.

Finally, the defendant argues that no causal connection exists between plaintiff's request for FMLA leave and the actions that defendants took.  The nature of whether a causal connection exists in this case, however, makes it a subject for the jury.[4]  Accordingly, the defendant's motion for summary judgment on this point will be denied.

## IV.  Back pay

Finally, the defendant seeks summary judgment on the plaintiff's claim for back pay.   Defendant argues that because plaintiff voluntarily resigned she cannot seek lost wages.  As discussed above, however, the jury may determine that defendants constructively discharged the plaintiff.

The defendant also argues that plaintiff rejected an offer to return to

---

[3]Here the allegation is that defendants constructively discharged the plaintiff, but we find no analytical difference between firing an employee and constructively discharging her.

[4]We will not recite the facts cited by the parties to support their respective positions.  Suffice it to say that as with many of the issues involved in this motion, the defendant is merely arguing the facts of the case - a matter that must be left to the jury.

work made by the defendant and that she has made no reasonable effort to look for other work.  We find that these assertions raise questions of fact for the jury to determine.  (See Doc. 37-8, Def. Ex. G, Raczkowski Dep. at 116-17 (indicating that plaintiff's eligibility for re-hire was conditional); Doc. 38-3, Trewhella Dep at 51; Doc. 37-3, Def. Ex. B, Malloy Dep at 122 (indicating that no one ever offered plaintiff her job back); Pl. Dep. at 72-77 (detailing plaintiff's efforts to seek employment)).   Therefore, we reject this argument with regard to this issue.

**Conclusion**

     For the aforementioned reasons, the defendant's motion for summary judgment will be denied.  An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BERNARDINE SMALLCOMB,
                              Plaintiff

     v.

GEISINGER SYSTEM
SERVICES,
                              Defendant

:     No. 3:08cv175

:

:     (Judge Munley)

:

:

:

:

:

# ORDER

     **AND NOW**, to wit, this 24th day of March 2010, the defendant's motion for summary judgment (Doc. 35) is hereby **DENIED**.

                             **BY THE COURT:**

                             **s/ James M. Munley**
                             **JUDGE JAMES M. MUNLEY**
                             **United States District Court**